UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Dionna Lynn, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:1:12-cv-416 |
| ) | |
| H&P Capital, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

### Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

3. Venue is proper in this Judicial District

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### Parties

7. Plaintiff Dionna Lynn is a natural person.

8. The Plaintiff is a "consumer" as that term is defined by § 1692a.

9. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

10. The Defendant, H&P Capital, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency operating from an address at 7960 Baymeadows Way, Suite 300, Jacksonville, FL 32256.

11. Defendant is licensed as a debt collector in the State of Indiana. *See Exhibit "A".*

12. The principal purpose of Defendant is the collection of debts using the mails and telephone.

13. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

15. The Defendant H&P Capital, Inc., is a debt collection agency attempting to collect a debt from Plaintiff.

16. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

17. The debt owed by Plaintiff went into default.

18. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

19. The Plaintiff disputes the debt.

20. The Plaintiff requests that the Defendant cease all further communication on the debt.

21. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

22. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

23. Plaintiff received a several telephone calls from Defendant in an attempt to collect a debt. See Plaintiff's Affidavit attached hereto as *Exhibit "B"*.

24. During some of the telephone calls, Plaintiff informed the Defendant that Plaintiff had legal representation for this debt. *See Exhibit "B"*.

25. Despite notice of legal representation, Defendant continued to contact Plaintiff in an attempt to collect a debt.  *See Exhibit "B"*.

26. Defendant has retained the services of Spears Law Firm, and through their agent Spears, has continued to contact the Plaintiff in an attempt to collect a debt despite notice of legal representation.

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 26 of the complaint are realleged and incorporated herewith by references.

3  The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact Plaintiff in an attempt to collect a debt despite notice of legal representation.

4  The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact Plaintiff in an attempt to collect a debt despite notice of legal representation.

5  The Defendant violated the FDCPA by continuing to contact Plaintiff in an attempt to collect a debt despite being informed of legal representation pursuant to 15 U.S.C. § 1692c.

6  As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.
2. Actual damages under 15 U.S.C. § 1692k(a)(1).
3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).
4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

<u>/s/ John T. Steinkamp</u>
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: <u>steinkamplaw@yahoo.com</u>