UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Dionna Lynn, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No.: 1:12-cv-00416-SEB-DKL |
| vs. | ) |
| | ) |
| H&P Capital, Inc., | ) |
| | ) |
| Defendant. | ) |

# PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR SANCTIONS

Come now the Plaintiff, by counsel, and hereby file her Response to the Defendant's Motion for Sanctions in the above-captioned action, and herein represents the following:

1. The Plaintiff's Counsel denies violating Fed. R. Civ. P. 11 as he complied with the requirements set forth in the Rule.

2. The Plaintiff's Counsel met with the Plaintiff, and after this meeting researched the Defendant and the numbers that the Plaintiff stated as having contacted and had conversations with her.  Furthermore, the Plaintiff's Counsel researched the phone numbers provided by the Plaintiff on the internet and the research showed the phone numbers matched numbers used by the Defendant.  The Plaintiff's Counsel has the telephone records of the Plaintiff and a telephone number in her records matches a number associated with the Defendant.  The Plaintiff's Counsel also discussed this information with the Plaintiff and attached an affidavit of the Plaintiff to the Complaint.

3. The Defendant's request for sanctions should be denied additionally due to the failure of the Defendant's counsel to follow the proper procedure.  The Defendant's Counsel did not send the proposed Motion prior to filing said Motion as required by Rule 11.

4. The Seventh Circuit Court of Appeals has instructed that "[t]he district court in analyzing a Rule 11 sanction claim should determine if there has been a 'callous disregard for governing law or the procedures of the court. . ." Jones v. Metropolitan School Dist. Of Decatur Tp., 2012 WL 5331293 (S.D. Ind. 2012) *citing* Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., 9 F.3d 1263, 1269 (7th Cir. 1993); Allison v. Dugan, 951 F.2d 828, 834 (7th Cir. 1992).  Further, the Seventh Circuit Court of Appeals further stated that "[c]ourts have cautioned, however, that Rule 11 should not be used as a battleground for satellite controversies wherein, in effect, the tail would wag the dog, potentially diverting judicial resources from the prompt disposition of the merits of controversies." Corley, *supra*, 388 F.3d 990, 1013.  *See also* Cartwright vs. Cooney, 788 F.Supp.2d 744, 755 (N.D.Ill. 2011); Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin.Servs., Inc., 9 F.3d 1263, 1269 (7th Cir. 1993).  To forestall such use, a court should apply Rule 11 sanctions only 'with utmost care and caution'" *See* Sean Morrison Entertainment, *supra*.  Although Federal Rule of Civil Procedure 11 requires an attorney to reasonably inquire into the facts set forth in a motion or pleading, "it is not necessary that an investigation into the facts be carried to the point of absolute certainty.  Dubois v. United States Dept. of Agriculture, 270 F.3d 77, 82 (1st

Cir. 2001) *citing* <u>Kraemer v. Grant County</u>, 892 F.2d 686, 689 (7th Cir. 1990). According to the Seventh Circuit Court of Appeals, Rule 11 requires that there must be the following: 1) a reasonable inquiry into both fact and law; 2) there must be good faith; 3) the legal theory must be objectively warranted by existing law or a good faith argument for the modification of exist law; and 4) the lawyer must believe that the complaint is well-grounded in fact. <u>Szabo Food Service, Inc, v. Canteen Corp</u>., 823 F.2d 1073, 1080 (7th Cir. 1987).

5. The Plaintiff's Counsel finds the timing of the Motion for Sanctions odd as it did not come until after the Plaintiff's Counsel sent discovery requests to the Defendant, and therefore believes that the Motion for Sanctions was not filed in good faith.

6. The Plaintiff's Counsel in this case made reasonable inquiries of both law and fact. Furthermore, the Plaintiff's Counsel researched, developed his legal theory, and filed the Complaint all in good faith using the existing law. Given the research and investigation performed by the Plaintiff's Counsel, he most certainly believed, and still believes, that the Complaint is well-grounded in fact.

WHEREFORE, the Plaintiff respectfully requests that the Court deny the Defendant's Motion for Sanctions and grant her all just and proper relief in the premises.

Respectfully submitted,

   /s/ John T. Steinkamp
John T. Steinkamp, #19891-49
Attorney for Plaintiffs
5218 S. East Street, Suite E-1
Indianapolis, IN  46227
(317) 780-8300
steinkamplaw@yahoo.com

**Certificate of Service**

I hereby certify that on November 30, 2012 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Julie A. Camden
Camden & Meridew, P.C.
jc@camlawyers.com

 /s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
5218 S. East Street, Suite #E-1
Indianapolis, IN  46227
Phone: (317) 780-8300
Fax: (317) 217-1320
steinkamplaw@yahoo.com